UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ASHLEY-RAQUEL WEST, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:20-cv-01247-MTS |
| KELSEY SHULTZ, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

The Court granted Plaintiff leave to file a first amended complaint but instructed Plaintiff to first "edit the proposed amended complaint prior to filing it to include allegations establishing the Court's subject matter jurisdiction." Doc. [15]. Plaintiff failed to do so. Doc. [16]. Indeed, despite the Court's order, Plaintiff made no edits to the proposed amended complaint whatsoever before filing it. *Compare* Doc. [14-1], *with* Doc. [16]. Thus, multiple defects in the allegations relevant to jurisdiction remain. *See* 28 U.S.C. § 1332(a)(1); *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777–78 (8th Cir. 2014) ("Because of this ambiguity in the word 'resident'—as compared to 'citizen' and the unambiguous 'reside'—we cannot satisfy ourselves that diversity jurisdiction is proper based solely on an allegation a party is (or was) a 'resident' of a particular state."); *Villareal v. B&C Contracting Specialist Inc.*, No. 4:19-cv-2851-RLW, 2020 WL 2088341, at *3 (E.D. Mo. Apr. 30, 2020) ("To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business."). Plaintiff must file a second amended complaint. Failure to file a second amended complaint establishing this Court's subject matter jurisdiction may result in dismissal of this case.

Accordingly,

- 2 -

**IT IS HEREBY ORDERED** that Plaintiff must file a second amended complaint properly establishing this Court's jurisdiction within seven (7) days of the date of this order.

Dated this 26th day of May, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE